COOK and another, Plaintiffs, v. STROLLE and another, Appellants: LIBERTY MUTUAL INSURANCE COMPANY, Respondent.

*No. 339.* *Argued June 6, 1968.*—*Decided June 28, 1968.*
(Also reported in 159 N. W. 2d 686.)

". . .

". . .

For the appellants there were briefs by *La France, Thompson, Greenquist, Evans & Dye* and *Alfred E. La France* and *Adrian P. Schoone,* all of Racine, and oral argument by *Alfred E. La France.*

For the respondent there was a brief by *Kivett & Kasdorf,* attorneys, and *Nonald J. Lewis* and *Kenton E. Kilmer* of counsel, all of Milwaukee, and oral argument by *Mr. Lewis.*

CONNOR T. HANSEN, J. This appeal was taken prior to the decision of this court in *Faltersack v. Vanden Boogaard,* ante, p. 64, 158 N. W. 2d 322. Also the principal briefs were filed prior to the *Faltersack* decision. The reply brief of the appellants acknowledges the *Faltersack* decision and further recognizes that the holding therein would dictate a result adverse to the appellants

"...

on this appeal. We are further respectfully urged to reconsider the decision of this court in *Faltersack* and we have done so.

The facts and policy provisions in this case are not distinguishable from those in the *Faltersack Case* and are ruled by that decision. The significance of the clause, such as contained in the Liberty Mutual policy, is that it is not a standard escape clause since it expressly denies liability if other insurance, *either primary or excess,* is available to the driver. By inserting such a clause, the garage owner's insurer anticipated the possibility of the existence of an "excess" insurance clause in the driver's insurance policy and *expressly contracted* against liability in such situations. The policy reflects that in consideration thereof a reduced premium rate was established.

*By the Court.*—Judgments affirmed.